Filed 6/9/15  P. v. Insixiengmay CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>JAY INSIXIENGMAY,<br><br>        Defendant and Appellant. | C078161<br><br>(Super. Ct. Nos. 02F09233, 14HC00559) |

In case No. 02F09233, defendant Jay Insixiengmay was found guilty by jury of making criminal threats.  The jury also found true that defendant had two prior serious felonies.  (*People v. Insixiengmay* (Dec. 27, 2006, C048699) [nonpub. opn.], p. 1.)[1] The trial court sentenced defendant to 25 years to life in state prison, plus five years

---

**1**     We granted defendant's request to incorporate by reference the file in case No. C048699.  We take the facts in that case from our prior opinion.

1

consecutive for one of the priors. (*Ibid.*) We affirmed his conviction on appeal. (*Id.* at p. 2.) The California Supreme Court denied review on March 14, 2007.

On the afternoon of November 2, 2002, defendant, who was drinking heavily, got into an argument with his brother and kicked the sliding glass door to the residence where defendant's brother and his family lived. (*People v. Insixiengmay, supra,* at p. 2.) The victim, defendant's sister, intervened and stopped the argument, then left the premises. (*Ibid.*) In her absence, defendant started a new argument with the victim's husband. (*Ibid.*) The victim returned and asked defendant for an explanation, prompting an outburst that included blows, kicks, and threats to kill the victim. (*Id.* at pp. 2-3.)

On February 4, 2013, defendant filed a pro se petition for writ of habeas corpus, pleading for the recall of his sentence under Proposition 36 (Pen. Code,[2] § 1170.126).

Construing the petition as a motion for resentencing, the trial court denied it on March 13, 2013, on the ground that section 1170.126 did not give defendant grounds for relief because his current conviction (criminal threats) was for a serious felony.

On April 3, 2013, defendant filed a request for reconsideration. The trial court denied the request on April 24, 2013.

On July 28, 2014, defendant filed another petition for recall of sentence under section 1170.126. On September 30, 2014, the trial court denied the petition.

On October 6, 2014, defendant filed a petition for habeas corpus, again seeking the recall of his sentence under section 1170.126. (Case No. 14HC00559.)

On December 4, 2014, the trial court entered an order construing the habeas corpus petition as a petition for recall of sentence under section 1170.126 and denying it on the ground that defendant was statutorily ineligible for relief. Defendant appealed from that order.

---

[2]     Undesignated statutory references are to the Penal Code.

2

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

### DISPOSITION

The order denying defendant's petition for recall of sentence is affirmed.


                ROBIE           , J.


We concur:


      RAYE         , P. J.


      DUARTE       , J.